# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE
## CIVIL ACTION NO. 3:10CV-224-H

**CONNIE MARSHALL**                                                                                            **PLAINTIFF**

**v.**

**LEONARD GREEN**                                                                                              **DEFENDANT**

## <u>MEMORANDUM OPINION</u>

This matter is before the Court for initial review of the complaint under 28 U.S.C.

§ 1915(a).  For the reasons set forth below, the Court will dismiss this action because it fails to

state a claim upon which relief can be granted and is frivolous.

Plaintiff, Connie Marshall, brings this suit against Defendant Leonard Green, the Clerk of

the U.S. Court of Appeals for the Sixth Circuit.  Marshall sues Defendant Green in both his

individual and official capacity.  She claims that Defendant Green "has intentionally committed

Fraud, Abuse of Power, Violation of Federal Rules of Civil Procedure, Violation of

Administrative Procedures, Violation of Color of Law and Obstruction of Justice."  Marshall

states that she spoke to Defendant Green and requested the judge's name that dismissed her

appeal, case 09-6003, *Marshall v. Huber et al.*  She claims that Defendant Green refused to give

her the information that she requested and exceeded his authority by signing the order.  Marshall

also states that this case is related to a criminal conspiracy against her by various state and

federal officials.  Marshall explains that "Electromagnetic Assaults, Gang Stalking, Mind

Control and V2K (voice to skull) can not be denied or hidden anymore, due to the fact that there

are too many victims and they have court cases and are also all over the internet."

Under 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, the Court has

a mandatory duty to screen initial filings. *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Specifically, a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. Additionally, "[t]he *in forma pauperis* statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.' 'Examples of the latter class,' we said, 'are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-38 (1989)). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

**Official-capacity claim**

Plaintiff sued Defendant Green, a federal employee, in his official capacity. When damages are sought against federal employees in their official capacities, the damages in essence are sought against the United States, and such claims cannot be maintained. *See e.g.*, *Ashbrook v. Block*, 917 F.2d 918, 924 (6th Cir. 1990); *Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348, 1351-52 (6th Cir. 1989). Therefore, the official-capacity claim will be dismissed.

## Violation of the Federal Rules of Civil Procedure

"A violation of the Federal Rules of Civil Procedure does not give rise to an independent cause of action." *Taylor v. City of Chicago*, No. 05 C 1476, 2005 U.S. Dist. LEXIS 32707 (N.D. Ill. July 6, 2005).

## Abuse of Power

There is no federal "abuse of power" cause of action. *Riley v. Camp*, 130 F.3d 958, 974 (11th Cir. 1997) ("This reduces the Due Process Clause to nothing more than a catch-all provision that creates a cause of action for any abuse of government power. This is not a principled rule; this is not a workable rule of law.").

## Obstruction of Justice

Obstruction of justice is a criminal charge that does not provide a private cause of action. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997).

## Violation of Administrative Procedures

Marshall has failed to allege any administrative procedures that Defendant Green allegedly violated.

## Violation of Color of Law/Fraud

Because Marshall has sued a federal employee for violating her rights under color of law, the Court presumes that she intends to pursue this action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Under *Bivens*, Marshall must plead and prove two essential elements. First, she must show that she has been deprived of rights secured by the Constitution or laws of the United States. Second, she must demonstrate that the defendant allegedly depriving her of those rights acted under color of federal law. *Id.* at 397.

Even if Marshall could prove these two elements, however, her claims would be barred under the doctrine of quasi-judicial immunity. Absolute immunity against suits for money damages is "well established" for judges, and such immunity has also been extended to non-judicial officers performing "quasi-judicial" duties. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). Quasi-judicial immunity works to extend judicial immunity to persons other than judges that perform tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune. *Id.* Signing an Order as the Clerk of Court is undoubtedly a task that is judicial in nature. As explained by the Sixth Circuit, "[i]f the order is an order attested or signed by the Clerk pursuant to an order of the Court itself as declared on the face of the order, the clerk here, unlike other situations where he is entitled only to qualified immunity, is protected from liability for his acts under what is sometimes called absolute 'quasi-judicial' immunity since he acted under the order of the court and this is true even if his action is in 'bad faith or with malice.'" *See Beale v. United States*, 853 F.2d 926 (6th Cir. 1988); *see also Yarbrough v. Garrett*, 579 F. Supp. 2d 856, 874 ( E.D. Mich. 2008) (holding that county clerk was entitled to quasi-judicial immunity where plaintiff alleged that he "engaged in various actions of wrongdoing that ranged from malfeasance and fraud to nonfeasance."). Thus, the Court will dismiss these claims as barred by the doctrine of quasi-judicial immunity.

**<u>Conspiracy</u>**

Marshall's allegation that Defendant Green's actions are a part of a criminal conspiracy related to stalking by federal and state officials, mind control, and electromagnetic assault is the type of frivolous claim that is subject to dismissal for lack of jurisdiction. *See Best v. Kelly*, 39 F.3d 328, 330-331(D.C. Cir. 1994) (finding that claims that are "essentially fictitious" include

those that allege "bizarre conspiracy theories, any fantastic government manipulations of their will or mind [or] any sort of supernatural intervention"); *see also Bivolarevic v. United States CIA*, No: C 09-4620 SBA, 2010 U.S. Dist. LEXIS 33028 (N.D. Cal. Mar. 5, 2010) (dismissing as frivolous the plaintiff's claims that the CIA had subjected her to "voice to skull" technology for many years); *Newby v. Obama*, 681 F. Supp. 2d 53 (D. D.C. 2010) (dismissing as frivolous claims that President George W. Bush and his agents stalked plaintiff and caused a Kinko's employee to shut down the copying machines to prevent her from filing a mandamus application to enjoin the Senate); *Curran v. Holder*, 626 F. Supp. 2d 30, 33 (D. D.C. 2009) ("[C]laims relating to alleged government surveillance and harassment of her are the type of 'bizarre conspiracy theory' that warrant dismissal under Rule 12(b)(1).").

For the reasons set forth above, by separate Order, the Court will dismiss Marshall's complaint in its entirety for failure to state a claim and as frivolous.

Date:

cc:     Plaintiff, *pro se*
        Defendant
4412.008